UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH R. SIMMONDS II and TAMMY
SIMMONDS,

    Plaintiffs,

                                            Case No. 11-13600

v.

                                            Hon. John Corbett O'Meara

CITIMORTGAGE, INC. and FANNIE MAE,

    Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss, filed August 24, 2011. Plaintiffs filed a response on September 21, 2011, and Defendants submitted a reply brief on October 10, 2011. The court heard oral argument on November 3, 2011, and took the matter under advisement. For the reasons stated below, Defendants' motion is granted.

**BACKGROUND FACTS**

Plaintiffs Hugh R. Simmonds II and Tammy Simmonds filed this action in state court to challenge the foreclosure of their home in Sterling Heights, Michigan. Plaintiffs' complaint alleges the following causes of action: Count I, violation of Michigan foreclosure laws; Count II, breach of contract; Count III, fraud/misrepresentation; Count IV, quiet title; Count V, relief from sheriff sale/set aside foreclosure; and Count VI, declaratory and injunctive relief. Defendants CitiMortgage, Inc. ("CMI"), and the Federal National Mortgage Association ("Fannie Mae") timely removed the case to this court based upon diversity jurisdiction.

Plaintiffs obtained a mortgage loan from Quicken Loans on February 24, 2006. As security for the loan, Plaintiffs executed a promissory note and a mortgage. Mortgage Electronic

Registrations Systems, Inc. ("MERS") was the mortgagee named in the mortgage, as nominee for Quicken Loans and its successors. In the mortgage, MERS was granted the power to foreclose upon the property in the event of a default.

Defendant CMI is the servicer of the loan. On July 6, 2010, MERS assigned the mortgage to CMI, who initiated foreclosure proceedings on Plaintiffs' property. After notice to Plaintiffs, CMI purchased the property at a November 11, 2010 sheriff's sale. On January 12, 2011, CMI quit-claimed its interest in the property to Defendant Fannie Mae. The statutory redemption period expired on May 11, 2011.

Plaintiffs filed this action in state court on July 15, 2011; Defendants removed it to this court on August 18, 2011. Defendants seek dismissal of Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## LAW AND ANALYSIS

### I. Standard of Review

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II.    Challenge to Foreclosure Sale

Plaintiffs challenge the foreclosure sale in three counts of the complaint: Count I (violations of Michigan foreclosure laws), Count IV (quiet title), and Count V (relief from sheriff's sale/set aside foreclosure). Plaintiffs allege that CMI was not legally permitted to foreclose by advertisement under M.C.L. 600.3204 because it cannot demonstrate that it has an interest in the note, relying on Residential Funding Co. v. Saurman, __ Mich. App. __, 2011 WL 1516819 (Mich. App. Apr. 21, 2011) (holding MERS not permitted to foreclose by advertisement under statute because it did not have an interest in the note).

Plaintiffs' challenge to the foreclosure sale fails for two reasons. First, Plaintiffs lack standing to challenge the foreclosure sale after the expiration of the redemption period, absent a showing of fraud or irregularity, neither of which Plaintiffs have shown. See Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Williams v. U.S. Bank Nat'l Ass'n, 2011 WL 2293260 (E.D. Mich. June 9, 2011) (O'Meara, J.) (same). Second, contrary to Plaintiffs' argument, CMI was entitled to foreclose by advertisement under M.C.L. 600.3204(1). It is undisputed that CMI

was the servicing agent for the loan; and the statute specifically provides that the "servicing agent of the mortgage" is entitled to foreclose by advertisement. Id. Thus, Plaintiffs' argument that Saurman applies here is misplaced.[1] The court will dismiss Plaintiffs' claims challenging the foreclosure sale.

### III.     Contract and Fraud Claims

Plaintiffs' breach of contract and fraud claims are based upon an alleged oral promise by CMI to modify their loan. Because the alleged agreement was not in writing, both of these claims are barred by the statute of frauds, regardless of their label. See Crown Tech. Park v. D & N Bank, FSB, 242 Mich. App. 538, 550 (2000). Under M.C.L. 566.132(2),

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant ro extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Id. This language is "unambiguous. It plainly states that a party is precluded from bringing a claim – no matter what its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision." Crown Tech., 242 Mich. App. at 550. See also LaSalle Bank Nat'l Ass'n v. Ray, 2011 WL 576661 at *3 (E.D. Mich. Feb. 9, 2011) (Cohn, J.).

---

[1] To the extent Plaintiffs challenge the assignment from MERS to CMI, they lack standing to do so because they were not parties to that assignment. See Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 2010 WL 4275305 (6th Cir. 2010).

Accordingly, Plaintiffs' breach of contract and fraud claims are barred.

Plaintiffs also suggest that they were entitled to a loan modification under the federal Home Affordable Modification Program ("HAMP"). HAMP does not, however, afford Plaintiffs a private right of action under which they may seek relief. See Ray, 2001 WL 576661 at *5; Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 748 (E.D. Mich. 2010) (Duggan, J.). For these reasons, the court will dismiss Plaintiffs' contract and fraud claims.

### IV. Conclusion

Plaintiffs' remaining claim for injunctive and declaratory relief will also be dismissed because it seeks a remedy and is not a cause of action. The court will dismiss Plaintiffs' complaint in its entirety.

### ORDER

IT IS HEREBY ORDERED that Defendants' August 24, 2011 motion to dismiss is GRANTED.

                                       s/John Corbett O'Meara
                                       United States District Judge

Date: November 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 8, 2011, using the ECF system.

                                       s/William Barkholz
                                       Case Manager